ROBERT B. AND BARBARA L. DEATELHAUSER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Deatelhauser v. Commissioner
Docket No. 8689-91
United States Tax Court
T.C. Memo 1994-309; 1994 Tax Ct. Memo LEXIS 312; 68 T.C.M. (CCH) 23; July 6, 1994, Filed *312 Decision will be entered under Rule 155. Robert B. and Barbara L. Deatelhauser, pro se. For respondent: Helen F. Rogers. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax, I.R.C.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(1)(A)
6653(b)(1)(B)
6661
1986
$  3,805
--  $ 2,854
[1]
--  1987
22,408
--  16,806
[1]
$ 5,602
1988
1,463
$ 1,097
--  --
--  All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions by the parties, the issues for decision are whether petitioners are liable for additions to tax for fraud and for substantial understatement of income tax and whether petitioner Barbara L. Deatelhauser (Mrs. Deatelhauser) is entitled to relief as an innocent spouse. FINDINGS OF FACT Some of the facts have been stipulated. Petitioners resided in Cumberland, Maryland, at the time they filed their petition. They filed joint Federal income *313 tax returns for the years in issue. Petitioner Robert B. Deatelhauser (Mr. Deatelhauser) graduated in June 1962 with an associate in arts degree from Strayer Business College. He was employed by the U.S. Postal Service from June 18, 1966, until February 19, 1988, first as a distribution clerk, then as a window clerk, and finally as an accounting technician. Mrs. Deatelhauser was employed as a bookkeeper prior to and during the years in issue. Mr. Deatelhauser began gambling at about age 25. Mrs. Deatelhauser was aware of her husband's gambling from about the mid-1970s. By 1984 or 1985, Mr. Deatelhauser was heavily in debt. In 1985, petitioners borrowed $ 10,000 to make payments on debts caused by Mr. Deatelhauser's gambling. Petitioners refinanced the family residence. On or about March 1, 1985, Mr. Deatelhauser executed a grant deed transferring his title to the residence to Mrs. Deatelhauser. Mr. Deatelhauser embezzled from the U.S. Postal Service $ 9,256 during 1986, $ 51,632 during 1987, and $ 5,012 during 1988. On February 17, 1988, he was questioned by a postal inspector about misappropriated postal money orders. He confessed to knowingly issuing money orders to himself *314 or to others for his benefit without paying for them. According to his confession: To avoid detection I would kite other money orders made out to the Postal Service and report ones previously used. To cover the balance missing from printouts I would deposit new money orders made out to the Postal Service and report old ones previously embezzled.
Mr. Deatelhauser also understated the amount of money orders issued on the daily financial statements he prepared for the U.S. Postal Service. He subsequently was convicted pursuant to a plea of guilty to misappropriation of postal funds and fraudulent issuance of money orders. Mrs. Deatelhauser learned about the embezzlement in February 1988. The funds embezzled by Mr. Deatelhauser were not reported on petitioners' joint returns for 1986, 1987, or 1988. OPINION Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454; Rule 142(b). Petitioners bear the burden of proof with respect to the addition to tax under section 6661 and Mrs. Deatelhauser's claim to relief under section 6013(e). Rule 142(a). The addition to tax for fraud is a civil sanction intended to safeguard the revenue and to reimburse *315 the Government for the heavy expense of investigation and for the loss resulting from a taxpayer's fraud. . Respondent has the burden of proving, by clear and convincing evidence, an underpayment and that some part of the underpayment was due to fraud. See sec. 6653(b)(1). Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. In this case, petitioners have conceded the amounts embezzled by Mr. Deatelhauser. Those amounts are clearly includable in petitioners' taxable income. . Because neither the income nor the tax attributable thereto was reported on petitioners' returns, respondent has proven an underpayment of tax. Respondent has also pointed to certain indicia of fraudulent intent on the part of Mr. Deatelhauser, including illegal activities concealed by various means, failure to keep records of income, and a pattern of unreported income over a period of years. See , *316 affg. . As to Mr. Deatelhauser, respondent has satisfied her burden of proof. Respondent has not proven that Mrs. Deatelhauser was aware of her husband's embezzlement prior to the time that the 1986 and 1987 returns were filed. The amount unreported in 1988 approximated only $ 5,000. The evidence against Mrs. Deatelhauser is not clear and convincing, and respondent has not proven fraud against Mrs. Deatelhauser. See . On the other hand, we are not persuaded that Mrs. Deatelhauser is entitled to relief under section 6013(e). In order to secure such relief, she has the burden of proving, among other things, that she did not know or have reason to know of the unreported income and that it would be inequitable to hold her liable for tax on it. See sec. 6013(e)(1)(C) and (D). Petitioners contend that the embezzled funds were spent in Mr. Deatelhauser's gambling activity and that Mrs. Deatelhauser did not know about or benefit from those funds. Respondent admitted at trial that Mrs. Deatelhauser did not significantly benefit from the embezzled income. Mrs. Deatelhauser *317 was, however, aware of her husband's gambling activity, and she has not explained her understanding as to the source of funds used for gambling. The record is unclear as to whether she learned of the embezzlement before or after the return for 1987 was signed, but she knew about the embezzlement months before the 1988 return was signed. It is not necessary that she knew that embezzlement income was taxable. See , affd. ; , affd. . Petitioners have not satisfied their burden of proving Mrs. Deatelhauser's entitlement to innocent spouse relief. Petitioners also contend that they are not liable for the addition to tax under section 6661 because, due to Mr. Deatelhauser's gambling, "there was no 'net' income or financial benefit as a result of the embezzled funds." Petitioners' argument does not constitute a ground for relief from the addition to tax, which is imposed because there was a substantial understatement *318 of income tax for each year in issue. None of the statutory grounds for relief under section 6661 apply in this case. Petitioners are liable for this addition to tax. To take account of respondent's concessions, Decision will be entered under Rule 155. Footnotes
1. Amounts to be determined.↩