F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ESTATE OF ROBERT E. SYMPSON,
Deceased; ELIZABETH C.
SYMPSON, Personal Representative;

        Petitioners,

and

ELIZABETH C. SYMPSON,
individually,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 96-9009
(T.C. No. 971-92)
(Petition for Review)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Elizabeth C. Sympson, in her individual capacity, appeals the Tax Court's determination that she is ineligible for relief from tax liability, and additions to tax, for tax year 1987 under the "innocent spouse" provision of 26 U.S.C. § 6013(e). Petitioner does not challenge the Tax Court's determination that she and her, now deceased, husband made a substantial understatement of income tax for 1987 by failing to include on their joint return amounts that petitioner's husband embezzled from an elderly client, Olga Roderick. As a result of this substantial understatement, the Tax Court determined that petitioner was liable for a tax deficiency in the amount of $39,224, as well as for an addition to tax under § 6653(a)(1)[1] in the amount of $1,961, and for an addition to tax under § 6661[2] in the amount of $9,806.

---

[1]    At the time petitioner and her husband filed their 1987 return, § 6653(a)(1) added a penalty equal to five percent of the underpayment if any part of the underpayment of tax due was the result of negligence. Substantial changes were made to § 6653 in 1989 that apply to returns the due date for which is after December 31, 1989.

[2]    At the time petitioner and her husband filed their 1987 return, § 6661 added a penalty equal to twenty-five percent of the amount of underpayment attributable to a substantial understatement of income tax. The subsequent repeal of § 6661

(continued...)

-2-

Generally, when spouses file a joint return they become jointly and severally liable for the entire tax.  See 26 U.S.C. § 6013(d)(3).  When taxes result from a substantial understatement of taxable income,[3] however, a taxpayer may be relieved from liability for that tax, and additions thereto, if he or she establishes each of the following four elements:

> (A)  a joint return has been made under [§ 6013] for a taxable year,
>
> (B)  on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,
>
> (C)  the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and
>
> (D)  taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement.

26 U.S.C. § 6013(e)(1).

The only element of this "innocent spouse" exception at issue here is the third:  whether petitioner knew or had reason to know that the joint return she

---

[2](...continued)
applies only to returns the due date for which is after December 31, 1989.

[3]     For purposes of the innocent spouse exception under § 6013(e), a "substantial understatement" means any understatement as defined in § 6661(b)(2)(A) that exceeds $500.  See 26 U.S.C. § 6013(e)(3).  Section 6661(b)(2)(A), in turn, defines an "understatement" as "the excess of (i) the amount of the tax required to be shown on the return for the taxable year, over (ii) the amount of the tax imposed which is shown on the return, reduced by any rebate . . . ."

signed in October 1988 for tax year 1987 contained a substantial understatement of tax.[4] We review the Tax Court's determination that petitioner is not eligible for relief under § 6013(e)(1) for clear error. See Guth v. Commissioner, 897 F.2d 441, 443 (9th Cir. 1990).

The Tax Court found that petitioner did not have actual knowledge of the substantial understatement on the 1987 tax return, but that she did have reason to know of the understatement. "A spouse has 'reason to know' of the substantial understatement if a reasonably prudent taxpayer in her position at the time she signed the return could be expected to know that the return contained the substantial understatement." Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989). When determining if a spouse knew or had reason to know of an understatement of tax resulting from the omission of embezzled income from a joint return, the spouse need not have known that the embezzled income was taxable. See Deatelhauser v. Commissioner, 68 T.C.M. (CCH) 23, 24 (1994); Wiltshire v. Commissioner, 64 T.C.M. (CCH) 1060, 1062 n.3 (1992); see also

---

[4]     In an earlier appeal, we noted that the Commissioner conceded that petitioner met the first two elements for relief, and we determined that she also met the fourth element. See Sympson v. Commissioner, No. 94-9006, 1995 WL 307581, at **1, **3 (10th Cir. May 11, 1995) (unpublished order and judgment). Because a taxpayer must establish each of the four elements of § 6013(e)(1) to be eligible for relief from liability, see, e.g., Stevens v. Commissioner, 872 F.2d 1499, 1504 (11th Cir. 1989), we remanded the action to the Tax Court to make findings of fact as to petitioner's knowledge of the understatement at the time of signing. Sympson, 1995 WL 307581, at **3.

Price, 887 F.2d at 964 ("Of itself, ignorance of the attendant legal or tax consequences of an item which gives rise to a deficiency is no defense to one seeking to obtain innocent spouse relief."); Quinn v. Commissioner, 524 F.2d 617, 626 (7th Cir. 1975) (holding, in an omission of income case, that "[t]he knowledge contemplated by [§ 6013(e)(1)(C)] is not knowledge of the tax consequences of a transaction but rather knowledge of the transaction itself").

Here, the record establishes that petitioner had a college degree and some business experience, having worked as a typist when she and her husband, Robert, were first married and, many years later, as Robert's part-time receptionist, and having opened and run an art gallery on the family property for two years in the mid-1980s. During most of the couple's lengthy marriage, however, petitioner did not work outside the home and she was not involved in Robert's business activities. Robert deposited money into petitioner's personal account for her to pay for groceries and the children's needs. The bulk of the family's bills were paid by Robert from one or more bank accounts, including their joint account, which petitioner did not monitor. There was no evidence that Robert mistreated petitioner or that she was afraid of him.

In addition to investing in real estate on his own account, Robert also acted as a financial manager for Olga Roderick, a widowed millionairess. Robert began embezzling money from Mrs. Roderick in 1982. Petitioner first became aware of

a problem in July 1987, when her father, who had an office in the same building as Robert, called to report that Robert's office was completely empty. That summer, petitioner learned that Robert was no longer managing Mrs. Roderick's affairs. When petitioner questioned Robert about what was going on, he told her there were some problems with Mrs. Roderick's grandchildren, but that the problems would soon be straightened out. That fall, Robert called petitioner to the office of Mrs. Roderick's attorney and presented her with a variety of deeds to properties they owned. Robert told petitioner to sign the deeds, explaining that there was a problem with Mrs. Roderick's funds, and that the attorney was going to hold the executed deeds in his safe as a guarantee that the problems would be resolved.

In early 1988, petitioner and her husband were served with a lawsuit filed by Mrs. Roderick. At her deposition in May 1988, petitioner said she understood that Mrs. Roderick was alleging that, up until July 1987, Robert took approximately $1.5 million from Mrs. Roderick's account and deposited it in his and petitioner's joint account, without Mrs. Roderick's knowledge or consent. When petitioner and her husband consulted attorneys in the spring of 1988 in connection with the suit, one of the attorneys mentioned that there could be tax problems if the funds were misappropriated. Petitioner said she questioned Robert about this and he assured her that the withdrawals from Mrs. Roderick's

account had been loans and that they would be treated on the couple's 1987 tax return as such. Petitioner did not make any further inquiries before signing the 1987 tax return, which reflected a receipt of only $49,000 from Mrs. Roderick for that year.

Based on the foregoing facts, the Tax Court found that a reasonably prudent person in petitioner's circumstances would have inquired further before signing the 1987 return or would have refused to sign the return. "Even if a spouse is not aware of sufficient facts to give her reason to know of the substantial understatement, she nevertheless may know enough facts to put her on notice that such an understatement exists. . . . In such a scenario, a duty of inquiry arises, which, if not satisfied by the spouse, may result in constructive knowledge of the understatement being imputed to her." Price, 887 F.2d at 965. Because petitioner failed to satisfy her duty of inquiry, the Tax Court determined that petitioner did not meet her burden of showing she neither knew nor had reason to know of the substantial understatement when she signed the return in October 1988.

On appeal, petitioner does not dispute the underlying facts, but argues that she satisfied her duty of inquiry by asking her husband about the allegedly misappropriated funds. Petitioner contends that she acted reasonably in relying on her husband's representations that the amounts he took from Mrs. Roderick were loans. The facts of the cases upon which petitioner relies to establish the

reasonableness of her actions are, however, readily distinguishable from the facts presented here.

Based upon our review of the record and the pertinent law, we conclude the Tax Court did not clearly err when it determined that petitioner's unquestioning reliance on her husband's representations was not reasonable, given the facts known to petitioner, including Mrs. Roderick's assertion that the money was taken from her without her knowledge or consent. "The 'innocent spouse' exemption was not designed to protect willful blindness or to encourage the deliberate cultivation of ignorance." Friedman v. Commissioner, 53 F.3d 523, 525 (2d Cir. 1995). Our conclusion also leads us to reject petitioner's challenge to the Tax Court's determination that she is liable for additions to tax under § 6653(a)(1) and § 6661. Petitioner has not demonstrated reasonable cause for the understatement of tax so as to avoid the penalty under § 6653(a)(1), and she cannot avoid the penalty under § 6661 given her established liability for a substantial understatement of tax.

The judgment of the United States Tax Court is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge